[Civ. No. 5096.   Third Appellate District.—May 4, 1934.]

ROSE MARIE REDWING, Appellant, v. CHARLES A. MONCRAVIE, Respondent.

Goldman & Lieberman for Appellant.

Kidd, Schell & Delamer and Sam E. Edwards for Respondent.

RANKIN, J., *pro tem.*—This action was brought to recover damages for personal injuries suffered by plaintiff in an automobile accident which occurred while plaintiff was riding as a guest in defendant's automobile. The jury found a verdict for defendant, and plaintiff appeals from the judgment entered upon said verdict.

The first point urged by appellant is that the evidence of the witness Davis, given at a former trial of an action entitled "*Robert Redwing* v. *Charles R. Moncravie*", should have been admitted in the instant case, and that if such testimony had been admitted there would have been ample evidence to sustain a finding of gross negligence by the jury.

At the trial plaintiff offered the testimony of one Ernest Davis given at the trial of said former action, and offered to prove such testimony by reading from an alleged reporter's transcript. Defendant objected thereto on the ground that such testimony was incompetent and that no sufficient foundation was laid. We find no error in the ruling of the court sustaining the objection. The preliminary proof or foundation for the introduction of the former testimony of the witness Davis consisted of proof that Davis was absent from the state; the assumption by counsel on both sides, of the filing of the former action and the trial thereof, and a stipulation to the effect that the plaintiff, Rose Marie Redwing, at the time the former action was commenced, and at the time it was tried, was the wife of Robert Redwing, the plaintiff in the former action. It is apparent that this proof does not establish a sufficient

foundation for admission of the former testimony of the absent witness.

Subdivision 8 of section 1870 of the Code of Civil Procedure, upon which appellant relies, provides in substance that the testimony of a witness out of the jurisdiction, given in a former action between the same parties relating to the same subject matter, may be given at a trial. The facts established not only failed to show the former action was between the same parties, but, on the contrary, establishes the fact that the instant case was not an action between the same parties. Appellant argues that the term ''same parties'' is construed to include ''all persons who are represented by the parties and claim under them or in privity with them''. Privity is not shown, but only assumed, as there is nothing in the record to disclose what matters were in issue in the former action.

■ This brings us to the question as to whether the same matter is involved in this action as in the former action. The only competent evidence to prove the matter involved in the former action is the record thereof. (*Tritch* v. *Perry et al.*, 48 Colo. 339 [108 Pac. 981].) The record in the former action was not offered. ■ The ruling of the court was proper for the further reason that there was no showing that a transcript of the evidence taken at the former trial was made by an official reporter duly appointed and sworn, or that the testimony given at the former trial was transcribed or certified as being correct. (Sec. 273, Code Civ. Proc.; *Reid* v. *Reid*, 73 Cal. 206 [14 Pac. 781]; *Estate of Benton*, 131 Cal. 472–480 [63 Pac. 775].)

Plaintiff's offer of proof being properly rejected by the court, it is immaterial as to what its effect might be if admitted.

■ Appellant concedes that there is no positive evidence in the case tending to prove Moncravie's gross negligence. It follows that, there being no evidence sufficient to sustain a judgment for plaintiff, she could not be prejudiced by the giving of instructions numbered 18 and 33, specified as erroneous, and it is unnecessary to discuss the same.

■ Appellant claims error in the denial of her motion for a new trial. The only ground for new trial urged is

that of newly discovered evidence. The granting or denial of the motion on this ground is within the discretion of the court, and will not be reversed unless it appears that the trial court abused its discretion. No such abuse of discretion is shown.

For the reasons herein stated the judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.