[Civ. No. 29092. Fourth Dist., Div. Two. Jan. 31, 1984.]

ROBERT ARAH WAHLGREN, Plaintiff and Appellant, v.
COLECO INDUSTRIES, INC., et al., Defendants and Respondents.

**COUNSEL**

Paul C. Rasmussen for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust, E. Michael Kaiser, Pamela K. Harer, Wood, Lucksinger & Epstein, William H. Ginsburg and George James Stephan for Defendants and Respondents.

**OPINION**

**RICKLES, J.**—Plaintiff Wahlgren filed a personal injury action against defendants Coleco et al., asserting negligence, strict liability, and breach of warranty as alternative theories of recovery. A jury found for defendants, and plaintiff appeals contending that the trial court erred in excluding former deposition testimony.

FACTS

Plaintiff was rendered quadriplegic when he dove from a free-standing slide into an above-ground swimming pool. The slide was manufactured by defendant Aquaslide 'N' Dive Corporation. The pool was manufactured by defendant Coleco Industries, Inc., and sold by defendant Montgomery Ward and Co., Inc. Both products were in the possession of another defendant not a party to this appeal when plaintiff's injury occurred.

At trial, plaintiff sought to admit notarized photocopies of two depositions taken in a prior unrelated action.[1] The subjects deposed were Coleco officers; their testimony concerned Coleco's policy of placing labels on pools which alerted users to the dangers of diving. Relying on Code of Civil

---

[1] This action was filed in Massachusetts.

Procedure section 273 and Evidence Code section 1291, subdivision (a)(2), the trial court denied plaintiff's request for admission.

## DISCUSSION

### I

■ Authentication of "former testimony" is governed by Code of Civil Procedure section 273. (See *Redwing* v. *Moncravie* (1934) 138 Cal.App. 432, 434 [21 P.2d 986].) This statute provides that the report of the official reporter, when transcribed and certified as correct, constitutes prima facie evidence of testimony. Because plaintiff sought, in this instance, to introduce *photocopies* of depositions rather than certified copies or duplicate originals, the trial court acted properly in excluding any testimony contained therein. The fact that plaintiff's copies were notarized does not change this result. Aside from the fact that the notary certificates were themselves photocopies, notaries, unlike official reporters, are not charged with custody of transcripts and cannot attest to the accuracy of the original or any copy.

### II

■ Even if the deposition copies utilized by plaintiff are deemed to comply with Code of Civil Procedure section 273, they may alternatively be excluded under Evidence Code section 1291, subdivision (a)(2). This statute provides that "former testimony" is admissible when offered against *a party* to the proceeding in which the testimony was given. The party must, however, have had a right and opportunity to cross-examine the declarant with an interest and motive similar to that presently held, and the declarant must be unavailable as a witness. In this instance, it is undisputed that Coleco, as a party to the prior proceeding, had a right and opportunity to cross-examine the individuals deposed. It is also undisputed that these individuals were unavailable as witnesses. At issue, however, is the trial court's ruling that Coleco's interest and motive in cross-examination was dissimilar.

■ "[A] determination of similarity of interest and motive . . . should be based *on practical considerations* and not merely on the similarity of the party's position in the two cases." (Legis. committee com., Deering's Ann. Evid. Code (1966 ed.) foll. § 1291, p. 257.) Bearing this in mind, it should be noted that a deposition hearing normally functions as a discovery device. All respected authorities, in fact, agree that given the hearing's limited purpose and utility, examination of one's own client is to be avoided. At best, such examination may clarify issues which could later be clarified

without prejudice. At worst, it may unnecessarily reveal a weakness in a case or prematurely disclose a defense.

In contrast, a trial serves to resolve any issues of liability. Accordingly, the interest and motive in cross-examination increases dramatically. Properly exercised, this right serves to clarify a litigant's position and may result in his or her complete exoneration. ■■ Given the practical differences between each of the proceedings involved, it is therefore clear, at least with respect to Coleco, that the trial court acted properly in excluding the deposition testimony.

## III

■■ With respect to Montgomery Ward, the testimony may properly be excluded under Evidence Code section 1292. This statute provides for the admissibility of former testimony offered against a person *not a party* to the former proceeding. Like Evidence Code section 1291, subdivision (a)(2), however, the party to the former proceeding must have had the right and opportunity to cross-examine the declarant with an interest and motive similar to that held by the party in the present proceeding. In this instance, Coleco, given the nature of the prior proceeding, had little or no motive to examine. Montgomery Ward, however, would have been motivated to exercise that right for two reasons. First, to establish its own lack of fault, and second, to exonerate Coleco and prevent imposition of derivative liability. Accordingly, it cannot be said that the party to the prior proceeding had an interest and motive in cross-examination similar to that held by the party in the present proceeding. Therefore, although not specifically cited by the trial court as grounds for exclusion, Evidence Code section 1292 compels this result.

## IV

With respect to Aquaslide, Evidence Code section 1292 is also the operative statute. Application of its provisions in this context reveal that Coleco had an interest and motive in examining the deponents, if at all, to establish the safety of its product, the above-ground pool. It did not, however, have an interest and motive in establishing the safety of Aquaslide's product; nor did it have an interest or motive in refuting the inference raised by plaintiff that failure to comply with a pool warning policy made the slide defective. Absent a similarity of interest and motive in cross-examination, exclusion of the testimony is justified.

Having determined the trial court properly excluded the offered evidence, we need not address the issue of prejudice.

Judgment affirmed.

Morris, P. J., and McDaniel, J., concurred.