[Nos. F020351, F020597. Fifth Dist. Jan. 6, 1995.]

LOS ANGELES COUNTY COURT REPORTERS ASSOCIATION et al., Plaintiffs and Appellants, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Defendant and Appellant.

**COUNSEL**

Van Bourg, Weinberg, Roger & Rosenfeld, James Rutkowski and James G. Varga for Plaintiffs and Appellants.

Altshuler, Berzon, Nussbaum, Berzon & Rubin and Fred H. Altshuler as Amici Curiae on behalf of Plaintiffs and Appellants.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Defendant and Appellant.

## OPINION

**DIBIASO, J.**—On February 2, 1993, cross-appellants and respondents the Los Angeles County Court Reporters Association and the Los Angeles County Employees Association, Local 660 (collectively the association), filed a petition for writ of mandate in the Los Angeles Superior Court naming appellant and cross-respondent the Los Angeles County Superior Court (the court) as defendant. The petition challenged the court's practice of using electronic recording devices rather than certified court reporters to make a record of general civil proceedings where neither the assigned judge nor the parties requested that an official shorthand reporter record the proceedings. The association sought an order compelling the court to cease using such electronic recording in those Los Angeles County courtrooms which were not among the 35 courtrooms included in the then existing "demonstration project" authorized by Code of Civil Procedure[1] section 270. The association alleged that the use of electronic recording in lieu of official court reporters violated numerous statutory provisions. The petition was supported by a declaration and attached exhibits.

On March 19, 1993, the court filed a return to the petition by verified answer. The court asserted that (1) the policy was not in violation of any law because section 269 required the use of a certified shorthand reporter only when requested by the judge or a litigant, and (2) it had the inherent power to utilize electronic recording when necessary for the orderly and efficient operation of the Los Angeles County superior courts. The court claimed its decision to use electronic recording was in part motivated by the inadequate number of court reporters and in part by the cost-effectiveness and efficiency of electronic recording. The response was supported by a declaration and attached exhibits.

By a minute order dated March 9, 1993, the court requested that the Judicial Council of California appoint a judge from another county to preside in the matter. Ultimately, the case was transferred to the Kern County Superior Court.

The hearing on the petition commenced on August 5, 1993. No additional evidence was offered. The judge assigned to hear the case took the matter under submission on August 6, 1993, and on August 30, 1993, issued a written intended decision, which read:

"Code of Civil Procedure Section 269 does not provide for the use of electronic recording in lieu of a court reporter. Absent legislative authority,

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

only an official reporter can transcribe Superior Court proceedings. However, there is nothing in the statutes to suggest that the required use of a court reporter cannot be waived and the parties stipulate to the use of electronic recording.

"Accordingly, the defendant should not be prohibited from using electronic recording where the parties do not request a court reporter and with the approval of the court, stipulate to the use of electronic recording.

"It Is ORDERED that a peremptory Writ of Mandate shall issue, commanding defendants to cease and desist from using electronic recording as a means of recordation of judicial proceedings in the Superior Courts of Los Angeles County for proceedings in excess of the number of judicial departments for Los Angeles County authorized to use electronic recording by the Judicial Council pursuant to Code of Civil Procedure section 270 except where the parties and the court do not request a court reporter and the parties agree with the approval of the court to the use of electronic reporting."

A peremptory writ of mandate issued on September 23, 1993. The court has appealed and the association has cross-appealed.

## DISCUSSION

Section 269, subdivision (a), provides in relevant part that: "The official [court] reporter of a superior court . . . shall, at the request of either party, or of the court in a civil action or proceeding, and on the order of the court, the district attorney, or the attorney for the defendant in a criminal action or proceeding, take down in shorthand all testimony, objections made, rulings of the court, exceptions taken, all arraignments, pleas, and sentences of defendants in criminal cases, arguments of the prosecuting attorney to the jury, and all statements and remarks made and oral instructions given by the judge."

Relying on section 269, the court asserts that because it is not obliged to maintain any record of general civil matters[2] unless the court or a party requests an official reporter, it is free in the absence of such a request to elect to make an electronic record of these proceedings. The court therefore takes the position the trial court's order is erroneous to the extent it conditions the court's utilization of electronic recording upon the existence of a court approved agreement of the parties.

---

[2]We exclude from the scope of this opinion the reporting of juvenile proceedings, which are governed by specific provisions of the Welfare and Institutions Code. (See Welf. & Inst. Code, §§ 347, 677.)

On its cross-appeal, the association contends the trial court's order is erroneous because it permits electronic reporting under any circumstance. According to the association, the provisions of a variety of related statutes demand the conclusion that "the Legislature has indicated its intent that only shorthand court reporters . . . be used in Superior Court courtrooms unless otherwise expressly authorized by the Legislature." Thus, the association claims the use of electronic recording is absolutely prohibited in superior courts, irrespective of any stipulation of the parties, because the Legislature has not yet expressly sanctioned electronic recording as a means of making a record of any superior court proceedings. In other words, the association takes the position in this case that if a superior court decides for whatever reason or purpose to take a verbatim record of a general civil proceeding where no section 269 request has been made, the court must use an official certified shorthand reporter.

We agree with the court that there is nothing in section 269 which condemns the policy implemented by the court. The statute does not mandate that the official reporter report all the listed events. It requires instead that the official reporter "take down" civil proceedings only if requested by either party or the judge; the official reporter need not "take down" a record when no request is made. (See *People* v. *Casey* (1926) 79 Cal.App. 295, 303-305 [249 P. 525].) The decision by the parties not to insist upon the presence of an official reporter may have certain consequences if it later becomes necessary to prove what took place during the proceeding, such as when the unsuccessful party wishes to appeal[3] or move for a new trial,[4] but these are concerns which the parties should consider when deciding whether to take advantage of section 269.

The association maintains that section 269 does not stand alone and instead must be read and construed in light of a number of other statutes. One such statute, section 270, was added to the Code of Civil Procedure in 1986. As later amended, it created a statewide demonstration project whereby up to 75 superior courtrooms to be designated by the Judicial Council were authorized to use electronic recording instead of shorthand

---

[3]See discussion of this topic, among others, *post.*

[4]See section 660, which deals with civil new trial motions and which assumes that a verbatim record may not be available. See also section 914, which permits a trial court or reviewing court to order a new trial "when it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter," and "[w]hen the right to a phonographic report has not been waived."

reporters.[5] In the courtrooms selected to operate under the demonstration project, audio and video recordings could be used in lieu of the verbatim record prepared by a court reporter except in criminal or juvenile proceedings. In the 1992 legislative session, an unsuccessful effort was undertaken to repeal and amend section 270 to eliminate the restrictions on the number

---

[5]Section 270 provided: "(a) Notwithstanding Section 269 or any other provision of law, the Judicial Council shall establish a demonstration project to assess the costs, benefits, and acceptability of utilizing audio and video recording as a means of producing a verbatim record of proceedings in up to 75 superior court departments.

"The Judicial Council shall select the counties to participate in the project, but shall include in its selection the Counties of Alameda, Los Angeles, Orange, Sacramento, San Mateo, Santa Cruz, and Solano.

"In each county, the project shall only commence after the board of supervisors adopts a resolution finding that there are sufficient funds for the project, and the superior court adopts local rules for implementation of the project. The demonstration project in each county shall terminate on January 1, 1994.

"(b) In courtrooms operating under the demonstration project, audio or video recording may be used in lieu of the verbatim record prepared by a court reporter except in any criminal or juvenile proceedings.

"(c) The Judicial Council shall adopt the following: (1) specifications for audio and video recording equipment; (2) rules for courtroom monitoring of audio and video recording; (3) standards for the training of personnel and maintenance of equipment for audio and video recording; and (4) rules for certification of transcripts produced by means of audio and video recording.

"(d) An audio or video recording or transcript produced therefrom when certified as being an accurate recording, video taping, or transcript of the testimony and proceedings in a case, is prima facie evidence of that testimony and those proceedings.

"(e) A transcript of a proceeding in a court of the demonstration project shall be provided by the court to a party in the same manner and form and at the same cost as a transcript prepared and delivered by an official court reporter. If a portion of a video or audio recording fails or is unable to be understood, a transcript of such portion of the proceeding shall designate such condition as 'inaudible' and 'unintelligible,' respectively.

"(f) No presently employed court reporter shall have his or her hours of employment reduced as a result of the demonstration project nor shall be required to prepare a transcript of a proceeding in a court of the demonstration project.

"(g) The Judicial Council shall report to the Legislature on or before January 1, 1992, and thereafter as the Legislature may require, as to the costs, benefits, and acceptability of such audio or video recording as a method of keeping the verbatim court record.

"(h) The Joint Rules Committee shall appoint an advisory committee consisting of two certified shorthand reporters, one person skilled in courtroom audio recording, one person skilled in courtroom video recording, two judges experienced in trial work, one court administrator, and two attorneys experienced in trial work to evaluate the demonstration project, and it shall report its findings and recommendations, including minority views, if any, to the Legislature at the same times as the Judicial Council reports pursuant to subdivision (g). The advisory committee shall be afforded access to all material relating to the conduct and operation of the demonstration project, including, but not limited to, copies of audio and video tapes, logs thereof, transcripts, transcript requests, and the identity of any vendor and consultants involved in the demonstration project."

of courtrooms authorized to participate in the project.[6] The demonstration project expired on January 1, 1994, during the pendency of this appeal.

It is the association's view that the enactment of the electronic recording demonstration project and the subsequent rejection of an attempt to expand its scope confirmed the intent of the Legislature that only certified shorthand reporters may be used in superior courts to make a verbatim record of a civil proceeding, except in those courts participating in the demonstration project. We discern no such implication in the statute or the failure to amend it as proposed. The effect of section 270 was simply to override section 269 insofar as the demonstration courtrooms were concerned. Thus, section 270 permitted the use of electronic recording devices in the demonstration courtrooms in place of the services of an official shorthand reporter in those instances where section 269 would otherwise have required that a verbatim record be taken by an official reporter, that is, where the judge or a party requested such a record. The proposed modification would simply have opened all superior courtrooms in the state to the experiment. As with section 269, nothing in section 270 or the proposed modification proscribed the use of electronic recording where no request for an official verbatim record was made.

Next, the association claims that because the record prepared by the official reporter is deemed by section 273 to constitute prima facie evidence of the contents of such record (see *Wahlgren* v. *Coleco Industries, Inc.* (1984) 151 Cal.App.3d 543, 546 [198 Cal.Rptr. 715]), no other means of recording civil proceedings is permitted. Section 273 reads in full as follows: "The report of the official reporter, or official reporter pro tempore, of any court, duly appointed and sworn, when transcribed and certified as being a correct transcript of [the] testimony and proceedings in the case, is prima facie evidence of such testimony and proceedings."

We have difficulty following the association's argument on this point. Section 273 does nothing more than create an evidentiary presumption.[7] (See comment to Evid. Code, § 602; and *People* v. *Van Gorden* (1964) 226 Cal.App.2d 634, 636-637 [38 Cal.Rptr. 265].) It may apply when a party

---

[6]The proposed amendment to section 270 read as follows: " 'A court may utilize audio or video recording as a means of making a verbatim record of any hearing or proceedings. Any statutory reference to an official reporter, stenographic reporter, phonographic reporter, or certified shorthand reporter shall be deemed to apply equally to the use of an audio or video recording system to make the verbatim record.' (See A.B. 2937, JA 39-46.)"

[7]We take no position about whether section 273 is a presumption affecting the burden of producing evidence or instead one affecting the burden of proof. (See discussion at 1 Witkin,

seeks to prove that something was said or done during the course of a proceeding. If a transcribed and certified report of the official reporter or official reporter pro tempore is not obtainable because a request for such a record was not made (§ 269), then the presumption would not be available to prove what occurred in the proceeding. However, the absence of an official shorthand record would not prohibit litigants from establishing the relevant event by other legitimate means, such as by an admission (see § 2033, subds. (a) & (n) [requests for admission]) or independent testimony (see *In re Armstrong* (1981) 126 Cal.App.3d 565, 571-573 [178 Cal.Rptr. 902]). Conversely, the existence of an official shorthand record would not bar the presentation of evidence tending to demonstrate its inaccuracy. (See Evid. Code, § 604 and accompanying comment.) Moreover, an official reporter's transcript is not required in every instance to perfect an appeal; a settled statement or an agreed statement is, under specified terms and conditions, an authorized substitute. (Cal. Rules of Court, rules 6 [agreed statement] & 7 [settled statement]; see also *In re Armstrong, supra,* 126 Cal.App.3d at p. 571, and *Le Font v. Rankin* (1959) 167 Cal.App.2d 433, 436-437 [334 P.2d 608].) We fail to see in section 273 an expression, explicit or implicit, of a legislative intent to forbid all means of making a verbatim record of civil proceedings in superior courts except by the use of official shorthand reporters.

Contrary to the contention of the association, there is nothing in *Wahlgren v. Coleco Industries, Inc., supra,* 151 Cal.App.3d 543 or *Redwing v. Moncravie* (1934) 138 Cal.App. 432 [32 P.2d 408], that is inconsistent with our conclusions. In *Wahlgren,* defendant sought to have admitted at trial notarized photocopies of two depositions taken in a matter unrelated to the pending proceeding. The court held the photocopies of the depositions were not entitled to the presumption of accuracy as they did not meet the requirements of section 273. (*Wahlgren v. Coleco Industries, Inc., supra,* 151 Cal.App.3d at p. 546.) In *Redwing,* the proponent of testimony given at a former trial failed, among other things, to establish the foundation required by section 273 because she did not show that the proffered transcript "was made by an official reporter duly appointed and sworn, or that the testimony given at the former trial was transcribed or certified as being correct." (*Redwing v. Moncravie, supra,* 138 Cal.App. at p. 434.) Thus, neither case bears on the question whether a superior court may electronically record a civil proceeding when no request for an official shorthand record is made under section 269.

Cal. Evidence (3d ed. 1986) Burden of Proof and Presumptions, §§ 176-178, pp. 150-153.) For our purposes, its proper classification is not material.

The association next asserts that Government Code section 72194.5,[8] which expressly provides for the use of electronic recording in municipal and justice courts whenever a court reporter or a temporary court reporter is unavailable, indicates a legislative intent to restrict the use of electronic recording to municipal and justice courts only. In 1989, the Legislature defeated a proposed amendment which would have applied the statute to superior courts.[9]

It appears to us that Government Code section 72194.5 is in the same class as former section 270, and merely authorizes, in part, an exception to the command in section 274c,[10] the municipal and justice court analogue to section 269, that an official reporter record those civil proceedings in municipal or justice courts for which the judge or a party requests the presence of an official reporter. That the Legislature has allowed electronic recording in lieu of shorthand reporting in municipal and justice courts when shorthand reporting would otherwise be required by section 274c does not suggest to us that the Legislature intended to prohibit electronic reporting of civil matters in superior courts when shorthand reporting is not required under section 269. The Legislature's rejection of the proposed amendment means only that the superior courts continue to lack statutory authority to

---

[8]Government Code section 72194.5 states: "Whenever an official court reporter or a temporary court reporter is unavailable to report an action or proceeding in a municipal or justice court, subject to the availability of approved equipment and equipment monitors, the municipal or justice court may order that the action or proceeding be electronically recorded, including all the testimony, the objections made, the ruling of the court, the exceptions taken, all arraignments, pleas, and sentences of defendants in criminal cases, the arguments of the attorneys to the jury, and all statements and remarks made and oral instructions given by the judge. The court shall assign available reporters first to report preliminary hearings and then to other proceedings. A transcript derived from an electronic recording may be utilized whenever a transcript of court proceedings is required. The electronic recording device and appurtenant equipment shall be of a type approved by the Judicial Council for courtroom use."

[9]The proposed amendment read: " 'Subject to the availability of approved equipment and equipment monitors, whenever necessary to avoid delay in proceedings or to assure prompt delivery of transcripts, the Superior Court may order the verbatim record of oral proceedings in that court to be made electronically. (Assembly Bill 1854, introduced March 9, 1989)' "

[10]Section 274c provides: "Official reporters of a municipal or justice court, or any one of them, must, at the request of either party or of the court in a civil proceeding, or on the order of the court in a criminal action or proceeding, take down in shorthand all the testimony, the objections made, the rulings of the court, the exceptions taken, all arraignments, pleas and sentences of defendants in criminal cases, the arguments of the prosecuting attorney to the jury, and all statements and remarks made and oral instructions given by the judge; and if directed by the court, or requested by either party, must, within such reasonable time after the trial of such case as the court may designate, write out the same, or such specific portions thereof as may be requested, in plain and legible longhand, or by typewriter, or other printing machine, and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court."

substitute electronic recording for shorthand reporting when shorthand reporting is required by virtue of section 269, that is, upon request of either party or the court.

None of the other statutes cited by the association are of consequence. Government Code section 69941[11] concerns the appointment of official reporters, and Government Code section 69942[12] and Business and Professions Code section 8015 et seq. deal with the licensing and qualification of official reporters. Government Code Section 68086[13] addresses the payment by the parties in a civil action of (1) the costs of the services of the "official

---

[11]Government Code section 69941 provides: "The judge or judges of any superior court may appoint a competent phonographic reporter, or as many such reporters as there are judges, to be known as official reporter or reporters of such court, and such pro tempore official reporters as the convenience of the court may require. The reporters shall hold office during the pleasure of the appointing judge or judges."

[12]Government Code section 69942 provides as follows: "No person shall be appointed to the position of official reporter of any court unless there is satisfactory evidence of his or her good moral character, and unless he or she has been first examined as to his or her competency by at least three members of the bar practicing in the court and designated by the judge or judges of the court, or has first obtained a license to practice as a certified shorthand reporter from the Court Reporters Board of California."

[13]Government Code section 68086 provides:

"(a) In all superior court departments not selected to participate in the demonstration project established under Section 270 of the Code of Civil Procedure:

"(1) In addition to any other trial court fee required in civil cases, a fee equal to the actual cost of providing that service shall be charged per one-half day of services to the parties, on a pro rata basis, for the services of an official reporter on the first and each succeeding judicial day those services are required.

"(2) All parties shall deposit their pro rata shares of these fees with the clerk of the court at the beginning of the second and each succeeding day's court session.

"(3) For purposes of this section, 'one-half day' means any period of judicial time during either the morning or afternoon court session.

"(4) The costs for the services of the official reporter shall be recoverable as taxable costs at the conclusion of trial.

"(5) The Judicial Council shall adopt rules to ensure all of the following:

"(A) That parties are given adequate and timely notice of the availability of an official reporter.

"(B) That if an official reporter is not available, a party may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter, the costs therefore recoverable as provided in paragraph (4).

"(C) That if the services of an official pro tempore reporter are utilized pursuant to this section, no other charge will be made to the parties.

"(b) In all superior court departments selected to participate in the demonstration project established under Section 270 of the Code of Civil Procedure, and in all municipal and justice courts:

"(1) In addition to any other trial court fee required in civil cases, a fee equal to the actual cost of providing that service shall be charged per one-half day of services to the parties, on a pro rata basis, for official reporting services on the first and each succeeding judicial day those services are required.

reporter" in courtrooms not participating in the section 270 demonstration project and (2) the costs of "official reporting services" in courtrooms participating in the project and in municipal and justice courts. These statutes are perfectly compatible with section 269. They all either relate to the office of official reporter for purposes of section 269 or apply when a request is made in a civil case for the services of an official reporter within the scope of section 269. If no such request is made, these statutes, like section 269, are inapplicable.

The same is essentially true about Government Code section 69952,[14] which (1) permits the superior court to order a verbatim record at public expense in the identified proceedings or as "otherwise provided by law," and (2) directs that the record in such proceedings may not include at public

"(2) All parties shall deposit their pro rata shares of these fees with the clerk of the court at the beginning of the second and each succeeding day's court session.

"(3) For purposes of this section, 'one-half day' means any period of judicial time during either the morning or afternoon court session.

"(4) The costs for the official reporting services shall be recoverable as taxable costs at the conclusion of trial.

"(5) The Judicial Council shall adopt rules to ensure all of the following:

"(A) That litigants receive adequate information about any change in the availability of official reporting services.

"(B) That if official reporting services are not available, a party may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter, the costs therefore recoverable as provided in paragraph (4).

"(C) That if the services of a pro tempore reporter are utilized because official reporting services are unavailable, no other charge will be made to the parties for recording the proceeding."

[14]Government Code section 69952 provides as follows:

"(a) The court may specifically direct the making of a verbatim record and payment therefor shall be from the county treasury on order of the court in the following cases:

"(1) Criminal matters.

"(2) Juvenile proceedings.

"(3) Proceedings to declare a minor free from custody.

"(4) Proceedings under the Lanterman-Petris-Short Act, (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code).

"(5) As otherwise provided by law.

"(b) Except as otherwise authorized by law, the court shall not order to be transcribed and paid for out of the county treasury any matter or material except that reported by the reporter pursuant to Section 269 of the Code of Civil Procedure. When there is no official reporter in attendance and a reporter pro tempore is appointed, his or her reasonable expenses for traveling and detention shall be fixed and allowed by the court and paid in like manner. When the court orders a daily transcript, necessitating the services of two phonographic reporters, the reporting fee for each of the reporters and the transcript fee shall be proper charges against the county treasury, and the daily transcript shall be pursuant to Section 269 of the Code of Civil Procedure. When the daily transcript is prepared by a single reporter, an additional fee for technological services, as set by the court with the agreement of the reporter, may be imposed. However, the total of the fee for a single reporter and the fee for technological services shall be less than the total fee for two reporters."

expense anything that is not required to be "taken down" by the official reporter under section 269. Thus, if a verbatim shorthand record is not ordered by the court, the statute is inapplicable. In addition, a verbatim record in the general civil cases of the type involved here cannot be made at public expense. (Gov. Code, § 69953.)[15]

The association also relies upon two cases, *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 974 [140 Cal.Rptr. 669, 568 P.2d 394] and *Edmiston* v. *Superior Court* (1978) 22 Cal.3d 699 [150 Cal.Rptr. 276, 586 P.2d 590]. We find neither controlling.

In *Bailey*, the plaintiff petitioned the California Supreme Court for a writ of prohibition to restrain the enforcement of a superior court order requiring the preparation of a videotaped reenactment of the circumstances of an accident to supplement the plaintiff's oral deposition. The Supreme Court issued the writ. The court reasoned that although section 2004 (defining deposition as a "written declaration") and section 2019, subdivision (c) (providing that deposition testimony "shall be taken stenographically and transcribed unless the parties agree otherwise") do not explicitly proscribe the recording of a deposition by videotaping, the Legislature clearly intended by the specific language included in these provisions that a deposition be stenographically recorded unless the parties stipulate to a different method. (*Bailey* v. *Superior Court, supra*, 19 Cal.3d 970 at p. 974.)

In *Edmiston*, the defendants petitioned the California Supreme Court for a writ of mandamus to restrain the trial court from enforcing an order that the defense medical examination of the plaintiff be videotaped. The Supreme Court granted the writ, citing *Bailey*. The court decided the Legislature had mandated that medical exams under the discovery statutes be reported by means other than videotaping, because (1) section 2032, subdivision (b)(1), provided in pertinent part that " 'If requested by . . . the person medically examined, the party causing the examination to be made shall deliver to him a copy of a *detailed written report* of the examining physician setting out his findings and conclusions . . .' " (italics added), and (2) section 17 did not define a "writing" as including something taped or recorded visually. (*Edmiston* v. *Superior Court, supra*, 22 Cal.3d at pp. 702-703.) The Supreme

---

[15]Government Code section 69953 provides as follows: "In any case where a verbatim record is not made at public expense pursuant to Section 69952 or other provisions of law, the cost of making any verbatim record shall be paid by the parties in equal proportion; and either party at his option may pay the whole. In either case, all amounts so paid by the party to whom costs are awarded shall be taxed as costs in the case. The fees for transcripts and copies ordered by the parties shall be paid by the party ordering them. Except as provided in Section 69952, no reporter shall perform any service in a civil action other than transcriptions until his fee for it has been deposited with the clerk of the court or with the reporter."

Court concluded that although the Legislature has not directly precluded reporting medical examination by videotaping, "[v]ideotaping is not affirmatively authorized in this case and . . . whether it should be 'is a matter for the Legislature to determine.' " (*Id.* at p. 704.)

The association argues the failure of the Legislature to expressly authorize electronic recording as a means of reporting superior court proceedings correlates to the failure of the Legislature to sanction the use of videotaping in the situations addressed by *Bailey* and *Edmiston*. We disagree. Sections 2004 and 2019, at issue in *Bailey*, expressly defined a deposition as a "written declaration" and dictated that *all* depositions "shall be taken stenographically." This was also essentially the case with section 2032, at issue in *Edmiston*. By identifying the form of the required record with respect to the two discovery devices, the Legislature necessarily excluded all alternative methods. The statutes involved in both opinions applied across the board to all depositions and medical examinations conducted in all civil actions in this state. This is not so with section 269. As we have explained, nothing in this statute directly or inferentially requires that, in the absence of a request for an official reporter, civil proceedings in superior courts must be recorded stenographically if a verbatim record is made for any reason.

We therefore arrive at a very narrow holding: the court is not prohibited, by any explicit or implicit legislative command contained in those specific statutes cited by the association, from choosing to maintain a record of general civil proceedings by means of electronic recording devices where neither the court nor any party requests that a verbatim record be taken by an official shorthand reporter pursuant to the provisions of section 269.[16] We go no farther than this circumscribed conclusion; in particular, we do not decide the purposes, if any, for which the generated electronic recording may be used, because this question is outside the scope of the discrete issue presented by the association's petition and evidence.

In its reply brief, the court asserted for the first time that California Rules of Court, rule 980.3, effective January 1, 1994, provides express sanction for the court's implementation of electronic recording of general civil proceedings.[17] In an amicus curiae brief filed after the filing of the parties' reply briefs, the California Court Reporters' Association contended that (1) rule

---

[16]The court's request for judicial notice of several documents is dismissed as moot.

[17]California Rules of Court, rule 980.3, provides as follows:

"(a) . . . Superior courts have an obligation to maintain an adequate record of oral proceedings to permit reference and, when necessary, appellate review. Audio or video

980.3 is invalid because it is "inconsistent with the comprehensive statutory scheme that provides for the making of the superior court record"; (2) the court improperly expended public funds to install, maintain and operate the electronic recording devices in the various courtrooms; (3) the court improperly charged the parties for the costs of electronic recording; and (4) the court improperly made it a practice to offer to sell copies of the electronic tapes to the parties involved in the civil proceedings for use in connection with motions for new trial and appeal.[18] We are urged by amicus curiae to address all these arguments in the interests of efficiency and finality, in order to resolve the entire controversy between the parties.

We decline the invitation; none of the claims advanced by amicus curiae were raised by the association's petition or by the association's proof in the trial court. In view of our limited conclusion, compelled by the limited case made by the association, it appears unlikely this opinion will forestall future litigation between the parties or other courts and associations. Nevertheless, we publish because the issue presented by the association's petition is the subject of obvious statewide interest to courts and court reporters.

Finally, we must settle upon an appropriate disposition. The trial court's writ of mandate is inconsistent with our decision only to the extent it incorporates the requirement, challenged by the court on its appeal, that the parties expressly stipulate to electronic recording. We will not, however,

---

recording is authorized as a means of making the official verbatim record of oral proceedings when either subdivision (b) or subdivision (c) applies.

"(b) . . . A superior court may cause the verbatim record of oral proceedings in a civil matter to be made by electronic recording on equipment of a type approved by the Judicial Council when an official reporter or official reporter pro tempore is unavailable.

"An official reporter or official reporter pro tempore is unavailable within the meaning of this rule, among other circumstances:

"(1) when the person regularly employed or under contract as such fails to appear because of illness or injury, the need to transcribe notes of cases on appeal, or other cause beyond the court's control; or

"(2) when the court determines that the funds available for reporting services are insufficient to employ a qualified person for the position at the prevailing wage or at the normal per diem rate of compensation; or

"(3) when the court determines that a reporter will be unavailable based on the court's existing staff of official court reporters, reasonable projections concerning official reporters' vacations, sick leaves, and other approved absences, and reasonable projections as to the workload in each of the court's departments.

"(c) . . . A superior court may cause the verbatim record of oral proceedings in any matter to be made by electronic recording on equipment of a type approved by the Judicial Council when the parties proceed with a hearing or trial in the absence of an official court reporter or official court reporter pro tempore without objection.

"This subdivision does not apply to cases in which a death sentence may be imposed."

[18]Amicus curiae provides no details beyond these general statements.

simply order the writ to be modified to remove this condition. The action was brought by the association; we have found the issue presented by its petition to be without merit. The trial court therefore should not have issued a writ and instead should have denied the association's petition and entered judgment for the court. We shall order this result.

## DISPOSITION

The judgment is reversed. The trial court shall enter an order denying the association's petition for writ of mandate and shall enter judgment for the court. Each party shall bear its own costs on appeal.

Stone (W. A.), Acting P. J., and Buckley, J., concurred.