Filed 8/7/25  Marriage of Ndipagbor CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of TABENYANG and SARAH AWU NDIPAGBOR.

TABENYANG NDIPAGBOR,

    Respondent,

v.

SARAH AWU NDIPAGBOR,

    Appellant.

E084429

(Super.Ct.No. RID236105)

OPINION

APPEAL from the Superior Court of Riverside County.  Natalie M. Lough, Judge.

Affirmed.

Sarah Ndipagbor, in pro. per., for Appellant.

No appearance for Respondent.

Appellant Sarah Awu Ndipagbor (Wife) appeals from the trial court's denial of her request for an order to increase spousal support.  Wife claims on appeal that the trial court erred by finding at the hearing that she did not provide substantial evidence of a

1

material change in circumstances warranting an increase in spousal support. Wife insists the trial court refused to accept her evidence, ignored evidence she tried to present and was biased against her.

Wife's brief is inadequate; she has failed to provide adequate citations in the opening brief to the appellant's appendix. Wife has also provided an inadequate record on appeal making it impossible for this court to review her claims. The order of the trial court is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

The record in this case is limited. According to the register of actions, respondent Tabenyang Ndipagbor (Husband) filed a petition for dissolution of marriage on April 30, 2010. On September 15, 2010, Wife was awarded $295 in monthly spousal support, and she also received monthly child support. Marital status was terminated on February 4, 2011. On August 22, 2018, the trial court denied a request to increase spousal support.

On July 19, 2023, Wife filed a request for an order for a change in spousal support (RFO).[1] She sought (1) to modify spousal support and (2) payment of spousal support arrears.

According to the register of actions, the trial court continued the hearing to give the parties time to submit evidence. A mandatory settlement conference was held but there was no agreement between the parties. On June 20, 2024, a hearing was conducted at which both parties testified. The minute order from the hearing states that the trial

---

[1] The RFO has been included in the record.

2

court denied the RFO based on Wife not providing substantial evidence of a material change in circumstances. The trial court based its ruling on the credibility of Wife.

Wife filed a notice of appeal on August 7, 2024. Wife chose to proceed without an agreed or settled statement of the record of the oral proceedings[2] that occurred on June 20, 2024, and without a clerk's transcript.

## DISCUSSION

Wife claims the trial court erred by denying her RFO. She insists that at the hearing on her RFO, the trial court refused to review her evidence, it did not allow her to introduce evidence that was on her cellular telephone, and it was biased against her.

### A. INADEQUATE BRIEF

The brief filed by Wife is deficient. She complains that the trial court refused to review her evidence and did not allow her to present evidence at the hearing. She also complains that the trial court's remarks were "very biased and prejudicial." However, the opening brief contains only a few citations to the record and no proper legal argument or authority.

" ' "[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." [Citation.] As a result, on appeal "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised. [Citation.]" [Citations.]

---

[2] No court reporter was present at the hearing on June 20, 2024. Wife could have obtained an agreed or settled statement of the oral proceedings. (Cal. Rules of Court, rules 8.130 (h), 8.134.)

When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; see also *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) " 'Pro. per. litigants are held to the same standards as attorneys.' " (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Wife provides only two citations to the record, including the minute order denying the RFO and the RFO she filed. She fails to provide any proper legal authority to support any of her claims. She simply provides conclusive statements that the trial court was biased and ignored evidence citing to the United States Code and a law review article. Wife's claims are waived for failing to properly reference the record and for failing to provide a cogent legal argument supported by pertinent legal authority.[3]

B.    INADEQUATE RECORD

If we were to find that Wife has not waived her claims by failing to cite to the record or provide legal authority, she has not met her burden of showing error by failing to provide an adequate record.

A "fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle

---

[3] We note that California Rules of Court, rule 8.204(e) gives this court the discretion to strike the opening brief for noncompliance with the rules of court and allow Wife to file a corrected brief. However, this would not be beneficial as we conclude, *post*, the record is inadequate on appeal to review her claims.

4

of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] " (*Id.* at p. 609; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574. ["[A] party challenging a judgment has the burden of showing reversible error by an adequate record"].) "Without a record, either by transcript or settled statement, a reviewing court must make all presumptions in favor of the validity of the judgment." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)

Based on the record in this case, Wife filed her RFO and a hearing was held on the matter, at which both parties testified. After the hearing, the trial court found that Wife had not met her burden of providing evidence of a material change that warranted increasing spousal support. No reporter was present at the hearing, but Wife could have sought a settled statement of the proceedings. (See *Los Angeles County Court Reporters Assn. v. Superior Court* (1995) 31 Cal.App.4th 403, 410 [official reporter's transcript not required for appeal; agreed or settled statement is authorized substitute].)

Wife claims the trial court inquired at the hearing why she had not filed evidence, and she advised the trial court that she forgot to bring the current documents to court. Wife alleges she attempted to show the documents to the trial court on her cellular telephone, but she insists the trial court refused to look at them and the trial court informed her it could not provide her with legal advice. The trial court also accused her

of mismanaging her money.  The trial court told her to get a new job or that she had to prove a disability by providing in-court testimony from her doctor.  Without an agreed or settled statement of the proceedings, this court cannot review Wife's claims.

Based on Wife's failure to cite to the record in the opening brief, which waives her claims, and the inadequate record provided on appeal, we must affirm the order of the trial court denying the RFO.  (*Randall v. Mousseau*, *supra*, 2 Cal.App.5th at p. 935.)

## DISPOSITION

The order of the trial court is affirmed.  Wife is to bear her own costs on appeal.[4] (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

MENETREZ
J.

---

[4] We do not award costs to Husband because he did not make an appearance in this court.