Filed 6/1/26  Hyatt v. Melendez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ELIZABETH HYATT,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RICARDO EMILIO MELENDEZ,<br><br>    Defendant and Respondent. | 2d Civ. No. B347887<br>(Super. Ct. No.<br>2023CUPA008363)<br>(Ventura County) |

Elizabeth Hyatt appeals from a default judgment entered in her favor and against Ricardo Emilio Melendez.  We affirm.

FACTS AND PROCEDURAL HISTORY

In 2023, Hyatt filed this pro per personal injury action against Melendez, alleging she suffered injuries he caused in a car accident.  Hyatt included with her complaint an unsigned, undated statement of damages requesting $7,550,000 in damages.  Melendez was served with the complaint, did not appear, and Hyatt obtained his default.

In January 2025, the trial court conducted a prove-up hearing.  A transcript of the hearing is not part of the record on appeal.  The minutes from the hearing state that Hyatt did not call any witnesses, submitted on a previously-filed declaration, and stated she wished to bring the "matter to an end."  The trial court took the matter under submission and subsequently entered a default judgment in Hyatt's favor in the amount of $19,131.32, representing $18,596.32 in medical expenses and $535 in costs.  Hyatt timely appeals from the default judgment.[1]

## DISCUSSION

Hyatt contends the trial court abused its discretion because it did not award her "[g]eneral [d]amages" and "[s]pecific [d]amages."  We disagree.

When a plaintiff files a complaint with a viable cause of action, serves the lawsuit, and the defendant fails to respond, the plaintiff may obtain a default and default judgment.  (Code Civ. Proc., § 585, subd. (b).)  The trial court may grant the default judgment after a prove-up hearing upon an evidentiary showing with live testimony or, in the court's discretion, with affidavits or declarations setting forth "with particularity" facts that are within the declarant's "personal knowledge."  (*Id*., subd. (d).)

---

[1] Hyatt filed a motion for reconsideration the same day she filed her notice of appeal.  Hyatt includes the motion for reconsideration and the denial of the motion in the record on appeal, and makes repeated references to the motion throughout her brief.  Her notice of appeal, however, indicates she appeals from the default judgment, not the ruling on the motion for reconsideration.  And an order denying a motion for reconsideration is not appealable.  (Code Civ. Proc., § 1008, subd. (g).)  Thus, we do not discuss Hyatt's motion for reconsideration.

When entering judgment against a defaulting defendant, the trial court does not simply "rubber stamp" the plaintiff's requested judgment. (*Siry Investment, L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098, 1132.) The trial court has a " 'serious' and sober" obligation to ensure the plaintiff has established their prima facie case showing they are entitled to damages. (*Ibid.*) Prima facie evidence is evidence sufficient to prove a particular fact if uncontradicted. (*People v. Van Gorden* (1964) 226 Cal.App.2d 634, 636–637.)

A plaintiff dissatisfied with the damages awarded in a default judgment may appeal. (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361–362.) Our review of the damages awarded in a default judgment is "severely circumscribed," and we may reverse only where the judgment "is totally unconscionable and without justification." (*Id.* at p. 361.)

As the appellant, Hyatt has a duty to provide an adequate record to support her claim of error. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498.) Where, as here, an appeal lacks a reporter's transcript, the claimed error must appear on the face of the written record. (Cal. Rules of Court, rules 8.120(b) & 8.163; *Dumas v. Stark* (1961) 56 Cal.2d 673, 674.) We presume the trial court judgment is correct, and cannot presume error on a silent record. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Here, the trial court explained Hyatt's damages in a detailed ruling. The trial court itemized Hyatt's substantiated medical expenses. The trial court noted that, at the prove-up hearing, Hyatt submitted on her declaration without offering testimony, additional witnesses, or further documentation. Also at the prove-up hearing, Hyatt confirmed she presented no

evidence supporting claims for future medical treatment or for emotional distress damages. In its ruling, the trial court also found Hyatt did not provide sufficient proof that she paid higher insurance rates due to Melendez's actions. The court also found that the documentation Hyatt did provide did not substantiate her claims for future medical treatment.

Hyatt contends the trial court failed to appropriately award her general and special damages, including out-of-pocket costs. (See *Beeman v. Burling* (1990) 216 Cal.App.3d 1586, 1599 [special damages include "out-of-pocket losses," including medical expenses and lost income].) She also contends she has long-term hardships, suffering, and negative impacts to her quality of life stemming from the accident. (*Ibid.* [general damages include those for pain and suffering, emotional distress, and other damages "sometimes characterized as subjective or not directly quantifiable"].) Thus, Hyatt renews her claim that she is entitled to $7,550,000 in damages.

We conclude no error has been shown because these damages are not supported by the record. Nor is the default judgment "totally unconscionable and without justification." (*Johnson v. Stanhiser*, *supra*, 72 Cal.App.4th at p. 361.) Hyatt does not identify any damages—general or special—that were improperly omitted from the judgment. In arriving at a damages award, the court listed each component of damages in a well-articulated ruling. Hyatt does not explain, with citations to the record, why that award is inaccurate, or what damages should have been included but were not.

Hyatt bears the burden of establishing the trial court erred in assessing damages. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) She has not met that burden here.

DISPOSITION

The judgment is affirmed.  Because Melendez did not appear on appeal, neither party shall recover costs.  (Cal. Rules of Court, rule 8.278(a)(5).)

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Carla J. Ortega, Judge

Superior Court County of Ventura

_____

Elizabeth Hyatt, in pro. per., for Plaintiff and Appellant.
No appearance for Defendant and Respondent.