Filed 12/17/24

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| GABRIEL M., | |
|     Petitioner, | E084329 |
| v. | (Super.Ct.No. RIJ2100530) |
| THE SUPERIOR COURT OF RIVERSIDE, | OPINION |
|     Respondent; | |
| THE PEOPLE, | |
|     Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Mark E. Petersen, Judge. Petition granted.

Steven L. Harmon, Public Defender and William A. Meronek, Deputy Public Defender for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney and Jesse Male, Deputy District Attorney for Real Party in Interest.

Respondent juvenile court ordered petitioner Gabriel M. transferred from juvenile court to criminal court under Welfare and Institutions Code section 707. (Unlabeled statutory references are to this code.) Immediately after the juvenile court issued its ruling, Gabriel's counsel informed the court that he intended to appeal from the order and requested a stay of the criminal proceedings under rule 5.770(e)(2) of the California Rules of Court. (Unlabeled rule references are to the California Rules of Court.) The juvenile court issued a stay but subsequently ordered the stay lifted over Gabriel's objection and transferred the matter to adult criminal court. The juvenile court also ordered Gabriel, who was one week shy of his 20th birthday, transferred to county jail.

Gabriel filed a petition for a writ of mandate challenging the juvenile court's orders lifting the stay and transferring him to county jail. We grant the petition.

We publish this opinion to clarify two points. First, when a juvenile court orders a minor transferred to adult criminal court and the minor informs the juvenile court that they are appealing the transfer order and request a stay of criminal court proceedings, section 801 and rule 5.770(e)(2) require the juvenile court to stay the criminal court proceedings pending final determination of the appeal, but the stay may be modified or lifted upon the minor's request. Second, when a juvenile court orders a minor transferred to adult criminal court, the minor is not to be transferred to an adult detention facility unless the probation department petitions for the move under section 208.5, and the court that hears the petition must follow the procedures required by that statute.

2

BACKGROUND

In August 2022, the People filed a juvenile wardship petition against Gabriel, which the People amended in December 2022. (Welf. & Inst. Code, § 602, subd. (a).) The amended petition alleges that when Gabriel was 17 years old he committed one count of murder (Pen. Code, § 187, subd. (a)), one count of robbery (Pen. Code, § 211), and one count of active gang participation (Pen. Code, § 186.22, subd. (a)).[1] At a detention hearing in August 2022, the juvenile court ordered Gabriel detained in juvenile hall, finding detention necessary to protect Gabriel and to protect others or their property. (See Welf. & Inst. Code, § 628, subd. (a)(1).)

The prosecution moved under section 707 to transfer Gabriel to criminal court. The juvenile court granted the motion at a hearing on May 15, 2024, when Gabriel was 19 years old.

At the same hearing, immediately after granting the People's motion, the juvenile court scheduled an arraignment for Gabriel in criminal court. Defense counsel interjected and notified the court that Gabriel intended to appeal from the transfer order and that rule 5.770(e)(2) required the court to issue a stay of the criminal court proceedings until a final determination of the appeal if the minor notifies the court of an intent to appeal the order and requests a stay. Defense counsel asked "the Court to continue the matter for 30

---

[1]     We take judicial notice of the record on appeal in the pending appeal from the order transferring the matter to criminal court. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) We provided the parties the requisite notice under Evidence Code section 459, subdivision (d), in a tentative opinion, and they did not oppose judicial notice of those materials.

days so I may seek that remedy." The court asked the prosecutor if he wished "to be heard on the request for the stay," and he initially opposed the request, arguing that the issue should be "dealt with" by the criminal court. The People eventually agreed to "the Court ordering a stay today here and coming back in about 30 days to see what has happened on the appeal that they intend to file." The court "grant[ed] the request for the stay" and "set this for 30 days" to "revisit the issue." The court ordered Gabriel to remain in the probation department's custody with a no-bail hold. Gabriel filed a notice of appeal from the transfer order nine days later, on May 24, 2024.

In June 2024, the juvenile court held a hearing concerning the status of the stay, which the court described as "a stay of the proceedings after its ruling" on the transfer order. Defense counsel informed the court about the notice of appeal and requested an extension of "the stay" until July 22, 2024. The People agreed to the extension. The court granted the request and extended "the stay" as requested, remarking, "I'll put the matter over one more time." The court explained: "However because of the age of the youth and the fact that I had made a prior ruling that his matter be transferred to adult court, if we come in next time and the appeal is still pending, I may be inclined though however to send him to adult court with the stay in place for an arraignment. And then at the arraignment you can let the Court know about the stay. It's just because of his age, and he's currently being housed with other juveniles, and his case is ordered transferred, I'm just a little hesitant to keep him there for an extended period of time."

4

The juvenile court held another hearing concerning the stay on July 22, 2024, one week before Gabriel's 20th birthday. At the beginning of the hearing, the court indicated that it was tentatively inclined to lift the stay, which it described as the "stay pending an appeal," and to transfer the matter to adult criminal court, where the parties could request a stay. The court also indicated that it planned to order Gabriel moved to county jail, reasoning that "to have the minor continue to remain in juvenile hall with other juveniles when he's nearly 20 years of age and not receiving any programming is not the best thing for us at this time."

A probation officer agreed that Gabriel should be transferred to county jail. The probation officer remarked that Gabriel was "not getting any benefits from programming" and that Gabriel's "behavior has slowly declined," with Gabriel "feeling very entitled and very comfortable in the juvenile setting which is very concerning for other youth who are younger than him as he will be 20" soon.

The prosecution agreed with the court's tentative rulings. Defense counsel objected, arguing that rule 5.770(e)(2) authorized the juvenile court to lift the stay only upon Gabriel's request, which he had not made. Defense counsel also argued that Gabriel could be transferred to an adult detention facility only if probation petitioned the court for such a transfer under section 208.5, the court held an evidentiary hearing, and the court evaluated certain statutory criteria. The prosecutor countered that section 208.5 did not apply, because the juvenile court had already ordered the matter transferred to criminal court.

5

The juvenile court lifted the stay, scheduled an arraignment hearing in criminal court on July 24, 2024, and dismissed the amended juvenile wardship petition "without prejudice on the appearance date of July 24th, 2024." The court ordered Gabriel detained in county jail "based upon his current age" and set bail in the amount of $1 million. The juvenile court concluded that section 208.5 did not apply, because the court had ordered the matter transferred to adult criminal court, thus depriving the juvenile court of jurisdiction over Gabriel. The court reasoned "that based on the minor's age, based on the seriousness of the charges and based upon the fact that the minor is not receiving any services that I should lift the stay, allow the matter to proceed to adult court as previously ordered, and then if the minor wants a stay in adult court, he can certainly make that request and it can certainly be granted."

The People filed a complaint against Gabriel in criminal court the next day, on July 23, 2024. Early in the morning on July 24, 2024, Gabriel filed a petition for writ of mandate in this court seeking review of the juvenile court's rulings lifting the stay and transferring him to an adult detention facility. Gabriel also requested an immediate stay of the criminal court proceedings, which we granted pending a determination of the merits of the petition or upon further order of this court. According to the criminal court docket, at the arraignment on July 24, 2024, the court appointed counsel for Gabriel. The docket entry for that hearing reads: "Court has received a stay from Court of Appeals." The criminal court continued the arraignment.

After we stayed the criminal court proceedings, the criminal court held a hearing on the status of the stay on August 12, 2024. The minute order from that hearing reads: "All parties agree the matter is stayed pursuant to CRC 5.770(e)(2) pending a decision from the Court of Appeal regarding the transfer to adult court." The criminal court granted a stipulated motion to continue under Penal Code section 1050.

## DISCUSSION

Gabriel contends that the juvenile court erred by lifting the "stay previously granted under rule 5.770(e)(2)" and by transferring Gabriel to an adult detention facility without following the procedures prescribed by section 208.5. We agree with Gabriel on both points.

I. *General principles of statutory interpretation*

In interpreting a statute, our task is to determine the Legislature's intent in order to effectuate the statute's purpose. (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.) We first examine the statute's language, giving the words a commonsense and plain meaning. (*Ibid.*) We apply the same principles to interpreting the California Rules of Court. (*Miszkewycz v. County of Placer* (2024) 99 Cal.App.5th 67, 75.)

We independently review questions of statutory interpretation. (*Harrod v. Country Oaks Partners, LLC* (2024) 15 Cal.5th 939, 950-951.) We likewise independently review questions of interpretation of the California Rules of Court. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.)

II.     *The stay*

Gabriel contends that the juvenile court erred by lifting the stay.  We agree.

Section 801 provides that a juvenile court order transferring a minor to adult criminal court is appealable within 30 days.  (*Id.*, subd. (a).)  Section 801 also provides: "Upon request of the minor, the superior court shall issue a stay of the criminal court proceedings until a final determination of the appeal.  The superior court shall retain jurisdiction to modify or lift the stay upon request of the minor."  (*Id.*, subd. (b).)

Rule 5.770 generally governs transfer hearings under section 707.  Consistent with section 801, rule 5.770(e)(2) provides that "[i]f the youth informs the court orally or in writing that a notice of appeal of the court's decision to transfer jurisdiction to the criminal court will be filed and requests a stay, the court must issue a stay of the criminal court proceedings until a final determination of the appeal.  The court retains jurisdiction to modify or lift the stay upon request of the youth."

To summarize:  If the juvenile court orders a minor transferred to adult criminal court, section 801 requires either the juvenile court or the criminal court to stay proceedings in the criminal court if the minor requests a stay.  (§ 801, subd. (b).)  Rule 5.770(e)(2) further provides that the juvenile court must stay the criminal court proceedings if (1) the minor informs the juvenile court that they will be filing a notice of appeal from the transfer order and (2) the minor requests a stay.  If either the juvenile court or the criminal court issues a stay of the criminal court proceedings, the stay shall remain in effect until the final determination of the appeal from the transfer order, but the

8

stay can be lifted or modified upon request of the minor.  (Rule 5.770(e)(2); § 801, subd. (b).)

Under section 801 and rule 5.770(e)(2), the juvenile court was required to stay the criminal court proceedings on May 15, 2024, when Gabriel informed the court that he intended to appeal the transfer order and requested a stay.  Moreover, the juvenile court was required to stay the criminal court proceedings "until a final determination of the appeal."  (§ 801, subd. (b); rule 5.770(e)(2).)  The juvenile court could modify or lift the stay only "upon request of the youth."  (Rule 5.770(e)(2); § 801, subd. (b).)

Despite those requirements, the juvenile court (1) issued a time-limited stay that was not tied to this court's determination of the appeal from the transfer order and (2) lifted the stay without a request by Gabriel.  Moreover, it is not clear what exactly the juvenile court stayed—it is unclear whether the juvenile court intended to stay the transfer order, the juvenile court proceedings, the criminal court proceedings, or some combination thereof.  Assuming for the sake of argument that the juvenile court stayed the criminal court proceedings, the juvenile court still violated section 801 and rule 5.770(e)(2) by not staying those proceedings until the final determination of Gabriel's appeal from the transfer order.  The court further violated section 801 and rule 5.770(e)(2) by lifting the stay in the absence of a request from Gabriel.

In opposing the writ petition, the People contend that Gabriel is not entitled to any relief because the criminal court proceedings are already "stayed as required by rule 5.770(e)."  To support that proposition, the People cite the criminal court's docket entry

9

for the arraignment, which reads: "Court has received a stay from Court of Appeals."

Thus, the current stay of the criminal court proceedings was imposed by this court and is effective only pending determination of this writ petition. Our stay of the criminal court proceedings was not imposed under rule 5.770(e)(2) or section 801 and will not remain in effect until the final determination of Gabriel's appeal from the transfer order, as required by the rule and the statute.

The People also contend that the parties do not dispute that rule 5.770(e)(2) applies to this case, and they cite the docket entry from the criminal court's postarraignment status hearing, which reflects the parties' agreement in criminal court that the matter was stayed under rule 5.770(e)(2). The parties' agreement is not a court order, and it was reached while the criminal court proceedings were stayed by this court pending our decision on Gabriel's petition.

For the foregoing reasons, we conclude that the juvenile court erred both by not imposing a stay of the criminal court proceedings under rule 5.770(e)(2) pending a final determination of Gabriel's appeal from the transfer order and by lifting the stay without a request by Gabriel. We accordingly direct the juvenile court to vacate its order lifting the stay and to amend its minute order of May 15, 2024, nunc pro tunc to impose a stay of the criminal court proceedings under rule 5.770(e)(2) effective through the final determination of Gabriel's appeal from the transfer order, unless Gabriel moves to lift or modify the stay. The stay of the criminal court proceedings will prohibit those proceedings from moving forward but will not prevent the criminal court from acting on

10

ancillary matters such as a petition to detain Gabriel in an adult facility or a request by Gabriel to modify or lift the stay. The transfer order itself is not stayed, and the section 602 petition as to Gabriel remains dismissed without prejudice. Thus, apart from any orders that the juvenile court must enter to comply with our writ of mandate, all further proceedings in this case will take place in the criminal court unless and until the matter is returned to the juvenile court.

III.     *The transfer to county jail*

Gabriel contends that the juvenile court erred by ordering Gabriel physically transferred to county jail, because the court failed to follow the procedures set forth in section 208.5. We agree.

In September 2020, the Legislature comprehensively revised the statutes governing the housing of minors whose cases are transferred from juvenile court to adult criminal court. Before that legislative overhaul, former section 207.6 provided: "A minor may be detained in a jail or other secure facility for the confinement of adults pursuant to subdivision (b) of Section 207.1 or paragraph (1) of subdivision (b) of Section 707.1 only if the court makes its findings on the record and, in addition, finds that the minor poses a danger" in specified ways. Subdivision (b) of former section 207.1 provided: "Any minor who is alleged to have committed [listed offenses under] Section 707 whose case is transferred to a court of criminal jurisdiction pursuant to Section 707.1 after a finding is made that the minor is not a fit and proper subject to be dealt with under the juvenile court law . . . may be detained in a jail or other secure facility for the

11

confinement of adults if" certain specified conditions were met.  With respect to the same minors, subdivision (b)(1) of former section 707.1 provided:  The juvenile court "may order the minor to be delivered to the custody of the sheriff upon a finding that the presence of the minor in the juvenile hall would endanger the safety of the public or be detrimental to the other inmates detained in the juvenile hall.  Other minors declared not fit and proper subjects to be dealt with under the juvenile court law, if detained, shall remain in the juvenile hall pending final disposition by the criminal court or until they attain the age of 18, whichever occurs first."  (Former § 707.1, subd. (b)(1).)

Effective September 30, 2020, the Legislature enacted Senate Bill No. 823 (Reg. Sess. 2019-2020) (Senate Bill 823), which repealed section 207.6 in its entirety and revised sections 207.1 and 707.1 to eliminate all of their provisions concerning the transfer of minors from juvenile facilities to adult facilities.  (Stats. 2020, ch. 337, §§ 16, 18, 25, 53.)  As revised, section 707.1 contains a provision concerning release with or without bail for minors transferred from juvenile court to adult criminal court (§ 707.1, subd. (b)), but it says nothing about moving minors from juvenile facilities to adult facilities when their cases are transferred to adult criminal court.  Similarly, section 207.1 as revised contains a general prohibition on detaining minors in adult facilities (§ 207.1, subd. (a)) and provides a narrow exception for certain minors taken into temporary custody without warrants (§ 207.1, subds. (b), (d); see § 625), but it says nothing about moving minors from juvenile facilities to adult facilities when their cases are transferred to adult criminal court.

12

The Legislature explained that its intent was to "revise and recast" prior statutory provisions "and repeal specified provisions that authorize the detention of minors in an adult facility." (Stats. 2020, ch. 337, par. (3).)  As revised by Senate Bill 823, the law "would instead require any person whose case originated in juvenile court to remain in a county juvenile facility until they turn 25 years of age, except as specified." (Stats. 2020, ch. 337, par. (3).)

In place of the repealed and revised provisions, Senate Bill 823 created section 208.5, which now governs the circumstances under which a person whose case originates in juvenile court can be transferred from a juvenile facility to an adult detention facility. (Stats. 2020, ch. 337, §§ 19-20.)  Section 208.5 provides that "[n]otwithstanding any other law, any person whose case originated in juvenile court shall remain, if the person is held in secure detention, in a county juvenile facility until the person attains 25 years of age," except under certain specified circumstances not applicable here.  (§ 208.5, subd. (a); Stats. 2020, ch. 337, § 20.)  Under subdivision (b) of section 208.5, "[t]he probation department may petition the court to house a person who is 19 years of age or older in an adult facility, including a jail or other facility established for the purpose of confinement of adults."  "Upon receipt of a petition to house a person who is 19 years of age or older in an adult facility, the court shall hold a hearing" at which "[t]here shall be a rebuttable presumption that the person will be retained in a juvenile facility." (*Id.*, subd. (c).)  "At the hearing, the court shall determine whether the person will be moved to an adult

13

facility, and make written findings of its decision based on the totality of" five listed criteria. (*Ibid.*) Thus, the juvenile court is no longer permitted to move a person whose case originated in the juvenile court to an adult detention facility unless the probation department files a petition under section 208.5 and the court follows the procedures set forth in section 208.5. (See Seiser & Kumli, Cal. Juvenile Courts Practice and Procedure (2024) § 3.61[15][d].)

For all of these reasons, we agree with Gabriel that the juvenile court erred by transferring him to county jail in the absence of a petition by the probation department under section 208.5 and without following the procedures required by section 208.5.

The People argue to the contrary, relying on section 707.1 and rule 5.770(d)(2), which itself refers to section 707.1. The argument fails because, as we have explained, section 707.1 as revised by Senate Bill 823 in September 2020 says nothing about transferring minors from juvenile facilities to adult facilities. Unfortunately, it appears that rule 5.770(d)(2) has not been updated to conform to the current statutory scheme—the rule's provision concerning transfers of minors to adult facilities refers to a statute that no longer says anything about such transfers. Similarly, Judicial Council form JV-710 (the optional form used for granting a motion to transfer a minor from juvenile court to adult criminal court) has not been updated to conform to the current statutory scheme—it refers to section 207.1, which no longer says anything about transferring minors from juvenile facilities to adult facilities. Because rule 5.770(d)(2) is inconsistent

14

with the current statutory scheme, the People's argument based on rule 5.770(d)(2) fails. (Cal. Const. art. VI, § 6; *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 22 ["[T]he Judicial Council may not adopt rules that are inconsistent with governing statutes"].)

For the foregoing reasons, we conclude that the juvenile court erred by ordering Gabriel transferred to county jail even though the probation department never filed a petition under section 208.5 and without following the procedures required by section 208.5. Because there is a reasonable probability that Gabriel would not have been transferred to an adult facility if the proper procedures had been followed, the order transferring him to such a facility must be vacated. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the juvenile court to (1) vacate its July 22, 2024, order lifting the stay; (2) amend its minute order of May 15, 2024, nunc pro tunc to impose a stay of the criminal court proceedings under rule 5.770(e)(2) pending a final determination by this court of Gabriel's appeal from the transfer order or until Gabriel moves to lift or modify the stay; and (3) vacate the July 22, 2024, order remanding Gabriel to the custody of the Riverside County Sheriff's Department and detaining him in county jail. Once the juvenile court has fully complied with the writ of mandate, the probation department may petition the superior court under section 208.5 to move Gabriel to county jail. Our stay of

15

proceedings in the criminal court shall remain in effect until the juvenile court issues its own stay of those proceedings and shall then be dissolved.

CERTIFIED FOR PUBLICATION

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

16